IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 2, 2025

## DONALD CHARLES BACHMAN v. JOANNE EVE MASSAS

**Appeal from the Chancery Court for Carter County**
**No. C230298      John C. Rambo, Chancellor**

_____

**No. E2024-00199-COA-R3-CV**

_____

Plaintiff sued Defendant for divorce. Defendant appeals challenging the trial court's failure to award alimony. Without a transcript or statement of the evidence, appellate courts presume the record supports the trial court's findings. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and CARMA DENNIS MCGEE, JJ., joined.

Joanne Eve Massas, Knoxville, Tennessee, pro se.

Donald Charles Bachman, Johnson City, Tennessee, pro se.

## MEMORANDUM OPINION[1]

This is a divorce action in which both parties represented themselves and used forms provided by the court and approved by the Tennessee Supreme Court. Donald Charles Bachman initiated the divorce proceedings against Joanne Eve Massas by filing the Request for Divorce form. He indicated that they had no children under 18, in high school or disabled; that he and Ms. Massas had been living apart since April 20, 2019; that they have no real property; that they agreed on how their debts and personal property would be divided; that neither party wanted alimony and that they would split the costs.

_____

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Ms. Massas filed a sworn denial form, claiming that she had not had any contact with Mr. Bachman in almost four years; that she denied they had a divorce agreement; that neither spouse wanted alimony; and that she would split the costs. She also filed an answer that elaborated on these statements. It also indicated that she had multiple sclerosis and was on disability. Ms. Massas sought a continuance from the December 2023 hearing date and the matter was reset to January 11, 2024. On that date, the trial court held a hearing and granted Mr. Bachman a divorce. Neither party was to receive alimony from the other.

Ms. Massas appeals the alimony decision.

ANALYSIS

Ms. Massas's entire argument consists of the following: "Tennessee Law allows for many different aspects to be taken under consideration when deciding alimony. Not one issue was addressed on January 11, 2024. For the lack of information not taken or asked for. I ask the court to grant alimony."[2] Ms. Massas did not file a transcript or statement of the evidence, so we do not know what happened at the hearing.[3] "[I]n the absence of an evidentiary record, appellate courts will presume the record supports the lower courts' findings of fact." *Fayne v. Vincent*, 301 S.W.3d 162, 176 (Tenn. 2009); *see also Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). Underpinning the trial court's determination that "[n]either spouse shall pay alimony to the other" is an implicit finding[4] that no or insufficient facts supported an award of alimony to either Ms. Massas or Mr. Bachman.

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Joanne Eve Massas, for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE

---

[2] Ms. Massas's argument does not meet the requirements of Tenn. R. App. P. 27(a)(7)(A).

[3] In her letter to the Clerk and Master indicating that she would not submit a transcript or statement of the evidence, Ms. Massas stated that she did not attend the hearing due to a medical issue.

[4] The Final Decree of Divorce form for the Chancery Court of the First Judicial Circuit does not contain space for findings of fact regarding alimony. The trial court merely checked "[n]either spouse shall pay alimony to the other."